**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

KAMEON VANKEIS AARON,                                                    PLAINTIFF
ADC #129521

v.                                    5:12CV00180-DPM-JTK

K. HOWELL, et al.                                                        DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D. P. Marshall Jr.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

## I.      INTRODUCTION

This matter is before the Court on Defendant Kilgore's Motion for Summary Judgment (Doc. No. 29).[1]  Plaintiff has not filed a Response to the Motion, despite this Court's October 10, 2013 Order providing him with the opportunity to respond (Doc. No. 35).  In addition, mail sent to Plaintiff at his last-known address was returned to the Court on October 8, 2013, and October 23, 2013 (Doc. Nos. 33, 34, 36).

Plaintiff Kameon Aaron is a former state inmate of the Arkansas Department of Correction (ADC).[2]  He filed this pro se action pursuant to 42 U.S.C. § 1983 against Defendants while incarcerated at the Varner Super Max Unit of the ADC, alleging constitutional violations during his stay at the Delta Regional Unit in November and December, 2011.  In his Amended Complaint, Plaintiff alleges Defendant Kilgore assigned him to a cell for 33 days which was infested with bugs,

---

[1] All other named Defendants were dismissed on July 6, 2012 (Doc. No. 8).

[2] Although Plaintiff has not informed the Court of his release from incarceration, he no longer is listed as an inmate on the ADC website.

contained a water leak from a window which wet his mattress and sheets, lacked hot water, and

lacked adequate heat.  (Doc. No. 5, p. 6.)  Plaintiff asks for monetary and declaratory relief.

## II.    SUMMARY JUDGMENT

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that

there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of

law.  Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997).  "The moving party bears the initial

burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and

admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence

of a genuine issue of material fact." Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998)

(citations omitted).  "Once the moving party has met this burden, the non-moving party cannot

simply rest on mere denials of allegations in the pleadings; rather, the non-movant must set forth

specific facts showing that there is a genuine issue for trial."  Id. at 1135 (citations omitted).

Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat

a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there

must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

Defendant Kilgore moves to dismiss Plaintiff's allegations against her for failure to support

an Eighth Amendment claim, stating that he cannot show how the conditions, which lasted one

month, deprived him of the minimal civilized measure of life's necessities, or that she acted with

deliberate indifference to his health and safety needs.  Farmer v. Brennan, 511 U.S. 825, 834 (1994).

Defendant also provides evidence that during the time period at issue a pest control company

regularly sprayed for insects (Doc. No. 29-1.)  In addition, Defendant asks the Court to dismiss

Plaintiff's allegations against her for failure to allege any specific personal involvement by her, or

that she was responsible for providing him with the hot water or repairing the leaky window, or for

eradicating the bug problem.  Finally, Defendant asks the Court to dismiss Plaintiff's monetary claims against her in her official capacity based on sovereign immunity, and the claims against her in her individual capacity based on qualified immunity.

Initially, the Court notes that Plaintiff's monetary claims against Defendant in her official capacity are barred by sovereign immunity.  The Eleventh Amendment bars damage claims against state officials sued in their official capacities.  Will v. Michigan Dep't of State Police, 491 U.S. 58, 65-66 (1989), and Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995).

Although "[t]he Constitution does not mandate comfortable prisons," humane conditions of confinement include "adequate food, clothing, shelter, and medical care." Farmer v. Brennan, 511 U.S. 825, 832 (1994), quoting Rhodes v. Chapman, 452 U.S. 337, 349 (1981).  In order to support an Eighth Amendment violation against Defendant, Plaintiff must prove the existence of objectively harsh conditions of confinement, together with a subjectively culpable state of mind by her in condoning or creating the conditions.  Choate v. Lockhart, 7 F.3d 1370, 1373 (8th Cir. 1993).   The "defendant's conduct must objectively rise to the level of a constitutional violation ... by depriving the plaintiff of the 'minimal civilized measure of life's necessities.'.... The defendant's conduct must also reflect a subjective state of mind evincing deliberate indifference to the health or safety of the prisoner." Revels v. Vincenz, 382 F.3d 870, 875 (8th Cir. 2004), quoting Rhodes v. Chapman, 452 U.S. at 342,  and Estelle v. Gamble, 429 U.S. 97, 104 (1977).   "To be cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interest or safety...." Wilson v. Seiter, 501 U.S. 294, 298-9 (1991), quoting Whitley v. Albers, 475 U.S. 312, 319 (1986).  Furthermore, "discomfort compelled by conditions of confinement, without more, does not violate the amendment." Smith v. Coughlin, 748 F.2d 783, 787 (2d Cir. 1984), quoting Jackson v. Meachum, 699 F.2d 578, 581 (1st Cir. 1983).

4

In addition, supervisor liability is limited in § 1983 actions, and a supervisor cannot be held liable on a theory of respondeat superior for his or her employee's allegedly unconstitutional actions. See White v. Holmes, 21 F.3d 277, 280 (8th Cir. 1994). A supervisor incurs liability only when personally involved in the constitutional violation or when the corrective inaction constitutes deliberate indifference toward the violation. Choate v. Lockhart, 7 F.3d 1370,1376 (8th Cir. 1993).

Plaintiff alleged in his Amended Complaint that Defendant Kilgore assigned him to isolation cell #1 on November 2, 2011, but that he was moved on November 4, 2011, to another cell infested with bugs, and with a leaky window. (Doc. No. 5, p. 6.) He stated that despite complaining to security submitting grievances, no action was taken to improve his cell conditions. (Id.) The grievance attached to his Amended Complaint does not mention Defendant Kilgore (Id., p. 14), and other than stating that she placed him in the first cell, he includes no specific allegations of her involvement. Absent a response to Defendant's Motion, or a dispute over the Statement of Facts submitted by Defendant, the Court finds no dispute of material facts and that Defendant Kilgore is entitled to judgment as a matter of law. Plaintiff provides no evidence of knowledge by her of the conditions, or that they were so serious as to deprive him of the minimal civilized measure of life's necessities. See Williams v. Delo, 49 F.3d 442, 446 (8th Cir. 1995); Hamblin v. Steed, 2003 WL 791468 *5 (W.D.ARk. 2013).

Although the Court concludes that Defendant is entitled to summary judgment as a matter of law due to the lack of evidence of deliberate indifference or her personal involvement with the facts at issue, the Court also will address her alternate theory for dismissal, qualified immunity. Qualified immunity protects officials who act in an objectively reasonable manner. It may shield a government official from liability when his or her conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v.

Fitzgerald, 457 U.S. 800, 818 (1982).  Qualified immunity is a question of law, not a question of

fact.  McClendon v. Story County Sheriff's Office, 403 F.3d 510, 515 (8th Cir. 2005).  Thus, issues

concerning qualified immunity are appropriately resolved on summary judgment.  See Mitchell v.

Forsyth, 472 U.S. 511, 526 (1985) (the privilege is "an immunity from suit rather than a mere

defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously

permitted to go to trial.").

To determine whether a defendant is entitled to qualified immunity, the courts generally

consider two questions: (1) whether the facts alleged or shown, construed in the light most favorable

to the plaintiff, establish a violation of a constitutional or statutory right; and (2) whether that right

was so clearly established that a reasonable official would have known that his or her actions were

unlawful.  Pearson v. Callahan, 555 U.S. 223, 232 (2009).[3]  Defendants are entitled to qualified

immunity only if no reasonable fact finder could answer both questions in the affirmative.  Nelson

v. Correctional Medical Services, 583 F.3d 522, 528 (8th Cir. 2009).

Upon review of the evidence in support of the Defendant's Motion for Summary Judgment,

and absent any additional evidence or argument from the Plaintiff, the Court finds that she acted

reasonably under the circumstances.  No reasonable fact finder could find that the facts alleged or

shown, construed in the light most favorable to Plaintiff, established a violation of a constitutional

or statutory right by Defendant Kilgore.

---

[3]"Courts are 'permitted to exercise their sound discretion in deciding which of the two
prongs of the qualified immunity analysis should be addressed first in light of the circumstances
in the particular case at hand.'"  Nelson v. Correctional Medical Services, 583 F.3d 522, 528 (8th
Cir. 2009) (quoting Pearson v. Callahan, 555 U.S. at 236).

**III.    CONCLUSION**

IT IS, THEREFORE, RECOMMENDED that Defendant Kilgore's Motion for Summary Judgment (Doc. No. 29) be GRANTED, and that Plaintiff's Complaint against Defendant be DISMISSED with prejudice.

IT IS SO RECOMMENDED this 13th day of November, 2013.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE